JOSEPH F. ROACH, *pro ami., vs.* RICHARD F. ROACH *et al.*

PROVIDENCE—NOVEMBER 30, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Statutes. Wills.*

Gen. Laws cap. 203, § 22, provides that when a testator omits to provide in his will for any of his children, or the issue of a deceased child, they shall take the same share of his estate that they would have been entitled to if he had died intestate, unless it appears that the omission was intentional. Gen. Laws cap. 203, § 45, provides that the chapter shall not extend to any will made prior to February 1, 1896, except as to provisions thereof which contain substantially the same provisions of any statute existing at the time of the execution of such will and applicable thereto; but the law in force at the time of the execution of such will, executed prior to said date, shall govern:—

*Held,* that, under Gen. Laws cap. 203, § 45, a will dated February 23, 1895, was not governed by Gen. Laws cap. 203, § 22, but that the provisions of Pub. Stat. cap. 182, § 1, applied.

TRESPASS AND EJECTMENT. Heard on petition of plaintiff for new trial, and denied.

PER CURIAM. The plaintiff in this cause is the son of a deceased daughter of James Roach, who died in 1902, leaving a last will and testament dated February 23, 1895, which has

been duly admitted to probate. This will disposed of all the testator's estate, and did not mention or provide for the plaintiff, who was born before the will was made.

(1)     The General Laws, cap. 203, § 22, provide that, "When a testator omits to provide in his will for any of his children, or for the issue of a deceased child, they shall take the same share of his estate that they would have been entitled· to if he had died intestate, unless it appears that the omission was intentional, and not occasioned by accident or mistake."

The plaintiff claims that this statute entitles him to one-fifth part of his grandfather's estate, and he brings this action of trespass and ejectment against the devisees named in the will, to recover that portion of the real estate which they hold under the will. At the trial in the Common Pleas Division, the foregoing facts appearing, the plaintiff was· nonsuited; to which he duly excepted, and now petitions for a new trial.

The provision cited first went into effect as part of the General Laws, February 1, 1896, and the same chapter further provided—section 45—that "this chapter and the provisions thereof shall not extend to any will made and executed prior to the first day of February, eighteen hundred and ninety-six, except as to those provisions hereof which contain. substantially the same provisions of any statute of this state existing at the time of the making and execution of such will and applicable thereto; but the law in force at the time of the execution of such will, made and executed prior to said date, shall govern the same."

The law in force at the time of the making and execution of this will was as follows (Pub. Stat. cap. 182, § 1). "Every person of the age of twenty-one years and of sane mind, and being lawfully seized of any lands, tenements, or hereditaments, in his own right in fee simple, fee tail, or for the life of any other person, or for any other term of time than his own life, may give, devise, and dispose of the same by last will and testament, in writing, to and among *his children, or others*, as he shall think fit," etc. These provisions, giving the fullest freedom to the testator, and not the more restricted ones of the later statute, apply to the will in question.

The nonsuit was properly granted, and the petition for a new trial is denied.

*Hugh J. Carroll*, for plaintiff.

*Edward D. Bassett*, for defendant.